

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00371-CR

**TROY WALKER NEVILLE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 16-23260**

## MEMORANDUM OPINION

Appellant, Troy Walker Neville, was charged by indictment for the offense of possession of a controlled substance—morphine—in an amount greater than four grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017). Appellant pleaded guilty to the charged offense, and the trial court deferred an adjudication of guilt and placed appellant on community supervision for five years with a $750 fine.

Thereafter, the State moved to adjudicate appellant's guilt and revoke his community supervision, alleging six violations of the terms and conditions of his community supervision. At the hearing on the State's motion to adjudicate and revoke appellant's community supervision, the State abandoned one of the alleged violations, and appellant pleaded "true" to the remaining five allegations. The trial court concluded that appellant did indeed violate five of the terms and conditions of his community supervision, adjudicated him guilty, and sentenced him to twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified appellant's right of appeal, and this appeal followed.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340,

343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed him of his right to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] In his letter to appellant, appellate counsel indicated the following:

> You have the right to file a brief on you own behalf. . . . In addition, you have the right to review the record to find what points to raise in your *pro se* brief. . . . To aid you in this, I have previously sent you a copy of the record for your use. . . . You must file this brief with the Tenth Court of Appeals, McLennan County Courthouse, 501 Washington Avenue, Room 415, Waco, Texas 76701-1373. Since you have been provided a copy of the record by me already, you must . . . file your *pro se* response to counsel's *Anders* brief within the time allotted by this Court.

Appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in this case. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's

---

Given the above, we have fair assurance that appellate counsel has complied with the Court of Criminal Appeals's decision in *Kelly v. State*. *See* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed April 24, 2019
Do not publish
[CR25]



---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.